UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:20-CV-1867-RWS |
| | ) | |
| MCDONALD CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before me on Defendants McDonald's Corporation and
McDonald's USA, LLC's motions to dismiss Plaintiffs' claims pursuant to Fed. R.
Civ. P. 12(b)(6). ECF Nos. [19] & [21]. Plaintiff brings a claim for employment
discrimination under Title VII of the Civil Rights Act. For the reasons discussed
below I will deny Defendants' motions.

## **BACKGROUND**

In 2018 Plaintiff Barbara Johnson worked at a McDonald's franchise located
in St. Louis, Missouri.  Ms. Johnson only worked at the franchise for a few weeks
during which time she was allegedly exposed to sexual harassment and assault.
The alleged harassment was so bad that Ms. Johnson was forced to quit.  Plaintiff
now brings claims against the franchise, Defendant Tenaj, LLC, and McDonald's
USA, LLC, and McDonald's Corp. for violations of Title VII of the Civil Rights

Act.  Defendants McDonald's Corp. and McDonald's USA, LLC move to dismiss the claims against them, arguing that Ms. Johnson is not their employee under the Title VII.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). I am not, however, bound to accept as true a legal conclusion couched as a factual allegation. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).  Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Twombly, 550 U.S. 544, 555 (2007)).

2

A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." Id.

## DISCUSSION

Defendants argue that Plaintiff's claims against them should be dismissed because Plaintiff failed to meet the individual pleading standards required under Fed. R. Civ. P. 8 and because they are not her employer under Title VII. Plaintiff argues that Defendants are her employers either under a joint employer or agency theory. Because Plaintiff has alleged facts sufficient to state claim for relief, I will deny the Defendants' motions to dismiss.

Fed. R. Civ. P. 8 requires Plaintiffs to provide a "a short and plain statement of the claim showing that the pleader is entitled to relief." The goal of this statement is to put the defendant on notice of the claims against them. Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968).

Although it would have been preferable for the Plaintiff to plead specific facts regarding each corporate defendant, the allegations made were sufficient to put the Defendants on notice of the claims against them. Plaintiff was only employed by the McDonald's franchise for a few months and was only an entry level employee. So, she may not have known which of the McDonald's entities provided oversight of the franchise or what individual role each entity played within the corporate structure. Therefore, I find that Plaintiff satisfied the standard required under Fed. R. Civ. P. 8.

Defendants also argue that the plaintiff failed to plead facts sufficient to establish a joint employer or agency relationship. But at this stage a plaintiff must "simply [plead] enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Twombly, 550 U.S. at 556. Plaintiff has met this burden. She specifically alleged that McDonald's USA and McDonald's Corp. conducted frequent inspections of the franchise and specified particular employees that were not performing their jobs in accordance with McDonald's standards, trained the franchise's general manager at Hamburger University at the McDonald's Corporate Headquarters, and provided guidance about employee training, including training regarding the prevention and reporting of sexual harassment. Although these allegations are relatively general, they are specific enough to put the Defendants on notice of the claim against them.

Additionally, taken as true, these allegations are sufficient to raise the reasonable expectation that discovery will reveal evidence of a joint employer or agency relationship.

McDonald's USA and McDonald's Corp. point to a number of cases where similar claims failed at the summary judgment phase or were dismissed  But these cases can be distinguished. The cases where claims were decided at the summary judgment phase provide useful information about agency and the joint employer issue, but they had the benefit of discovery and therefore are not good comparisons for this case.  The cases at the motion to dismiss stage, however, are useful here. In Beckley v. McDonald's USA, LLC, the court dismissed the claims against McDonald's USA, LLC for failure to state a claim noting that only one paragraph of the complaint referred to McDonald's  USA, LLC as an employer and it merely stated that McDonald's USA, LLC is considered an employer within the meaning of Title VII, which is a legal conclusion. Beckley v. McDonald's USA, LLC, No. 2:16-CV-00054-WHA, 2017 WL 508587, at *4 (M.D. Ala. Feb. 7, 2017). Unlike the plaintiff in Beckley, Ms. Johnson provided additional allegations related to Defendants' relationship with the franchise and its employees.

In Chavez v. McDonald's Corp., the court dismissed the Plaintiff's §1981 claims against McDonald's Corp. because the plaintiff failed to allege facts sufficient to establish that McDonald's Corp was the joint employer of individual

who committed the allegedly discriminatory act. Chavez v. McDonald's Corp., No. 19-CV-00164-PAB-SKC, 2020 WL 1322864, at *4 (D. Colo. Mar. 20, 2020). The court in Chavez went through the factors necessary for establishing joint employment and concluded the plaintiff's allegations were either conclusory or focused on operations rather than supervision of employees. Id. For example, the plaintiff in Chavez alleged that McDonald's Corp. "have the right to control the manner or method in which McDonald's restaurants are operated, including the day-to-day business operations." Id. But they didn't allege any facts indicating they invoked that right. Id. Additionally, Chavez addresses a claim made by a customer against the store under § 1981 rather than a claim under Title VII.

The court in Doe v. McDonald's USA, LLC. dismissed the plaintiff's claim for failing to plausibly allege that McDonald's Corp and McDonald's USA, LLC were joint employers. This case is most similar to Plaintiff's because Doe alleged that McDonald's USA provided explicit details regarding operations, including express business practices for the franchise to follow, that they provided and mandated manager training, and that they had the right to inspect the franchise. Doe v. McDonald's USA, LLC, No. CV 19-05925, 2020 WL 7133520, at *3–4 (E.D. Pa. Dec. 3, 2020). The court did not think these allegations were sufficient to plausibly allege a joint employment relationship. The court focused on McDonald's control over conditions of employment. Id.  The court determined that

6

although Plaintiff may have alleged information regarding McDonald's control over the operations of the franchise, she did not allege sufficient facts regarding the terms or conditions of employment.  Id. Although Doe is persuasive, it is not binding on this Court. Additionally, in this case, Plaintiff specifically alleged she applied for her job on a generic McDonald's application that Defendants supplied to the franchise, that the general manager of the franchise was trained by the Defendants at "Hamburger University," that Defendants provided guidance with respect to training on sexual harassment prevention and reporting, and that during inspections Defendants identified employees who were not performing up to company standards. These allegations are sufficient to "raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Twombly, 550 U.S. at 556.

The parties also spend a significant amount of time discussing the appropriate standard for determining whether two legally separate entities  are joint employers. I need not decide at this stage which standard applies because even under the Baker test that the Defendants argue applies, the Plaintiff has made sufficient factual allegations to plausibly allege that McDonald's USA and/or McDonald's Corp. are her joint employer. The Baker test requires courts to consider the following factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relationship; and (4) common

7

ownership or financial control. <u>Kossmeyer v. Lillibridge Healthcare Servs., Inc.</u>, No. 4:14CV1748 HEA, 2015 WL 1976273, at *3 (E.D. Mo. Apr. 30, 2015). In this case, Plaintiff alleged facts that indicate some level of interrelation of operations, common management, and centralized control of labor relationships, including allegations regarding operations, inspection of the facilities and employee work product, and centralized management at the district level.  Although this is a close case, I believe Plaintiff has alleged facts sufficient to "raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." <u>Twombly</u>, 550 U.S. at 556.

Finally, since I find that Plaintiff made sufficient allegations to state a claim based on the joint employer theory, I will not address whether the Defendants' could also be liable under an agency or apparent agency theory. The same facts underpinning the joint employer issue would also be used to support an agency theory. Therefore, the legal questions about whether such a relationship actually exists and whether it can be used to support liability need not be addressed at this stage.

**CONCLUSION**

For the reasons discussed above, I will deny the Defendants' motion to dismiss.

8

Accordingly,

**IT IS HEREBY ORDERED** that McDonald's Corporations Motion to Dismiss, ECF No. [21], is **DENIED**.

**IT IS FURTEHR ORDERED** that McDonald's USA LLC's Motion to Dismiss, ECF No. [19], is **DENIED**.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June 2021.